

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2004

# USA v. Bost

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Bost" (2004). *2004 Decisions.* Paper 492.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/492

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-3917

UNITED STATES OF AMERICA,

v.

SARA BOST,

Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey

(Crim. No. 02-265)
District Judge: The Honorable Joseph A. Greenaway, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1
June 18, 2004

Before: ALITO, SMITH, and WALLACE, *Circuit Judges**

(Filed: July 16, 2004)
_____

OPINION OF THE COURT
_____

_____
　　　*The Honorable J. Clifford Wallace, Senior Circuit Judge for the
United States Court of Appeals for the Ninth Circuit, sitting by designation.

WALLACE, *Senior Circuit Judge*.

Sara Bost pleaded guilty to witness tampering in violation of 18 U.S.C. § 1512(b)(3).  The parties agreed that her base offense level was 12 pursuant to U.S.S.G. § 2J1.2 (2002), and the government recommended that she receive a 2-point reduction based on her acceptance of responsibility.  The district court, citing Bost's alleged involvement in a related bribery scheme, sentenced Bost to 12 months imprisonment, the highest sentence within the applicable guideline range.  On appeal, Bost argues that the district court committed clear error by basing her sentence on the bribery allegations.[1]

We first reject the government's argument that we lack jurisdiction over Bost's timely appeal.  That the district court imposed a sentence within the applicable guideline range does not compel the conclusion that jurisdiction is lacking.  Rather, we may exercise jurisdiction over any "otherwise final sentence"—including those imposed within the applicable guideline range—when a defendant claims the sentence "was imposed in violation of law."  18 U.S.C. § 3742(a)(1); see also United States v. Nappi, 243 F.3d 758, 762 (3d Cir. 2001).

---

[1] In the district court, the defendant did not challenge her sentencing under Apprendi v. New Jersey, 530 U.S. 466 (2000), and she has not raised Apprendi or Blakely v. Washington, 2004 WL 1402697 (June 24, 2004), on appeal.  Moreover, sentence here was within the guideline range for the base offense level.

Bost did not raise a timely objection to the district court's reliance on the audiotapes and videotapes, so we review her sentence for plain error. Nappi, 243 F.3d at 763.

Turning to Bost's first claim, we agree that the district court had an obligation to notify the parties of the evidence it might use at sentencing. See U.S.S.G. § 6A1.3(a); Nappi, 243 F.3d at 763. The district court did not violate this notice requirement here. Transcripts of the recordings were before the district court and accessible to the parties, and the court went out of its way to warn Bost at the beginning of the sentencing hearing that such "relevant conduct and offense conduct is something the Court can take into account." Bost clearly grasped the significance of the district court's warning, because she specifically "urge[d]" the court at the sentencing hearing "not to consider those other matters." There was no plain error.

Second, Bost maintains that the district court should not have applied the maximum sentence within the applicable guideline range because the government did not establish her complicity by a preponderance of the evidence. The cases Bost cites for this evidentiary standard are inapposite, because they all involve guideline *enhancements*. E.g., United States v. Seiler, 348 F.3d 265 (D.C. Cir. 2003); United States v. Gill, 348 F.3d 147 (6th Cir. 2003); United States v. Behler,

14 F.3d 1264 (8th Cir. 1994). A district court's choice of sentence *within* a particular guideline range is a purely discretionary judgment, which does not necessitate any particular factual findings. At most, a district court bears a responsibility to ensure that the evidence consulted for these purposes "has sufficient indicia of reliability to support its probable accuracy," United States v. Yeaman, 194 F.3d 442, 463 (3d Cir. 1999), quoting U.S.S.G. § 6A1.3, Commentary, and Bost does not dispute that the audio and video recordings considered here meet this standard. Thus, no plain error has been demonstrated in Bost's 12-month sentence.

AFFIRMED.